UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY CROUCH,  Case No. 1:14-cv-995

    Plaintiff,

        Bowman, M.J.

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OF OPINION AND DECISION**

Plaintiff Terry Crouch filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents one claim of error and also requests that this matter be remanded for consideration of new evidence. The parties have consented to the jurisdiction of the Magistrate Judge for disposition of this matter. (Doc. 7). For the reasons explained below, the finding of non-disability is not supported by substantial evidence in the administrative record, and is herein REMANDED for further fact-finding.

**I. Summary of Administrative Record**

In November 2011, Plaintiff filed an application for Disability Insurance Benefits (DIB) and alleging a disability onset date of November 11, 2011 due to physical and mental impairments.[1]  After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Plaintiff appeared and testified at a hearing on June 3, 2013. The ALJ also

---

[1] Mr. Crouch filed a subsequent application for disability benefits and by Notice of Award dated March 28, 2015 was found disabled as of August 28, 2013 (See Appendix A).

1

heard testimony from Deborah Dutton-Lambert, an impartial vocational expert. On August 27, 2013, the ALJ denied Plaintiff's application in a written decision. (Tr. 78-89). Plaintiff now seeks judicial review of the denial of his applications for benefits.

Plaintiff was born in 1959 and was 52 years old on the alleged onset date. He has a high school education and past relevant work as a cylinder handler, HVAC installer, electrical helper and web press operator. (Tr. 255, 282). Plaintiff alleges disability based primarily on back pain, arthritis and migraine headaches.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "lumbar spine degenerative disc disease with an associated history of remote prior surgery; chronic headaches; mild arthritis of the left knee and ankle; and mild depression." (Tr. 80). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> (1) Occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; and (5) limited to performing unskilled, simple, repetitive tasks.

(Tr. 83). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, limited education and work experience, and the RFC, the ALJ concluded that although Plaintiff could not perform his past relevant work, other jobs existed in significant numbers in the national economy that he could perform. (Tr.

2

88-89). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff first argues that the ALJ's residual functional capacity is not supported by substantial evidence. Plaintiff also requests a sentence six remand for consideration of new and material evidence. Upon close analysis, I conclude that Plaintiff's arguments are well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a

whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits

4

must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is not Substantially Supported

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ improperly weighed the opinion evidence. Specifically, Plaintiff contends that the ALJ failed to properly evaluate the opinion of Dr. Beiter, Plaintiff's treating physician. Plaintiff further asserts that the ALJ improperly evaluated Plaintiff's RFC because he failed to consider Plaintiff's use of a cane, as well as his severe and persistent headaches. For the reasons detailed below, the undersigned finds that the ALJ improperly evaluated the evidence relating to Plaintiff's headaches.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician*. Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

5

In weighing differing medical opinion evidence, an ALJ considers the factors set forth in 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece v. Barnhart,* 192 Fed. Appx. 456, 461 (6th Cir.2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)).

More weight is generally given to an opinion offered by a medical source who has examined the claimant over an opinion offered by a medical source who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). More weight is given to opinions supported by "relevant evidence" such as "medical signs and laboratory findings[.]" 20 C.F.R. § 404.1527(d)(3). Further, more weight is given to those medical opinions that are "more consistent ... with the record as a whole[.]" 20 C.F.R. § 404.1527(d)(3).

In making his RFC determination, the ALJ gave significant weight to the opinions of state agency reviewing physicians, Drs. Das and Long both of whom reviewed the record and found that Plaintiff was capable of performing a range of light work.  The ALJ found that these opinions were well-supported by the record as a whole.

The ALJ also gave little weight to the opinions of Dr. Schmerler, Plaintiff's treating neurologist and Dr. Breiter his family physician.   Both Dr. Schmerler and Dr. Beiter had treating relationships with Plaintiff since some time in 2011 and treated him for joint pain and headaches. Upon examination on April 2, 2012, Dr. Schmerler completed a questionnaire relating to Plaintiff's physical limitations.   Dr. Schmerler

6

limited Plaintiff to performing sedentary work and placed significant limitations on Plaintiff's postural and manipulative abilities due to his decreased range of motion and back pain. He noted that Plaintiff's ability to stand and walk was limited by his "recurrent severe headaches." He also found that Plaintiff's ability to sit is restricted by his arthritis.

Notably, in April 2012, Dr. Breiter assessed Plaintiff's functional limitations. In this regard, Dr. Beiter added notations to Dr. Schmerler's functional assessment. Namely, the main body of the opinion was authored by Dr. Schmerler and there are various notations in the margins signed "P.B." indicating that they were written by Dr. Beiter. *Id* (Tr. 351-52). Dr. Breiter agreed that Plaintiff could occasionally lift ten pounds, could only sit for six hours total per day and an hour without interruption, required an option to sit/stand at will, could only occasionally climb, frequently balance, and rarely stop, crouch, kneel, and crawl. (Tr. 85, 351-52). The opinion also limited Plaintiff to rarely handling, pushing/pulling, and performing fine manipulation, and occasionally feeling. *Id.*

In June 2012, Dr. Breiter also provided questionnaire responses relating to Plaintiff's functional limitations, wherein he found that Plaintiff's abilities to maintain attention and concentration and to maintain regular attendance at a job were poor. Dr. Breiter also found that Plaintiff's abilities to work in coordination with others, to deal with work stress, and to complete a normal workday/work week were poor. Specifically, Dr. Breiter reported that Plaintiff "has emotional and mental problems due to pain and when he has headaches." (Tr. 86).

7

With respect to Dr. Schermler, the ALJ discounted his sedentary and postural limitations because Plaintiff's back surgery was "in the remote past" (1988) and had not sought out any significant treatment. The ALJ also noted that subsequent to his back surgery, Plaintiff had performed a variety of jobs that required heavy to medium exertional activities with no evidence of any significant exacerbations of back pain. (Tr. 85). The ALJ also rejected Dr. Beiter's July 2012 assessment wherein he opined that Plaintiff had "emotional and mental problems" due to his severe headache pain. (Tr. 86). The ALJ noted that Dr. Beiter is not a mental health professional and therefore is not in the position to evaluate Plaintiff for a mental impairment or assess any emotional limitations on the Plaintiff's ability to perform work activity. (Tr. 86).

The ALJ's findings in this regard, failed to properly account for Plaintiff's headaches. First, the ALJ improperly categorized Dr. Beiter's opinion. Dr. Beiter, as Plaintiff's treating family doctor, could properly assess Plaintiff's limitations relating to his severe headache pain, specifically, his ability to sustain work activity. Moreover, the ALJ's rejection of Dr. Shermler's findings appeared to be based solely on his evaluation of Plaintiff's back pain, and fails to address why he rejected the limitations he assigned related to Plaintiff's headaches. Such omission prevents the Court from engaging in meaningful review of the ALJ's decision.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D.Ohio 2011); see also Wilson v. Comm. of Soc. Sec., 378 F.3d 541, 544–546 (6th Cir.2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by

8

the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

Moreover, the ALJ acknowledged that Plaintiff had the severe impairment of "chronic headaches." (Tr. 87). The ALJ found that Plaintiff's medications help control his pain. The ALJ considered Plaintiff's testimony that he had 14 or 15 headaches per month. Despite these findings, the ALJ determined that Plaintiff's "headache episodes are not of such frequently or severity as to preclude all work activity." (Tr. 87).

However, as noted by Plaintiff, the record clearly documents Plaintiff's extensive and recurrent severe headache which resulted in a number of prescriptions for medications and treatments in an attempt to control the pain. Notably, Dr. Beiter identified in November 2011 that Plaintiff was having 2 to 4 headaches daily. (Tr. 381). Moreover, Dr. Schmerler diagnosed Plaintiff with cluster headaches, prescribed a Medrol Pak, Depakote and Cambia oral powder. (Tr. 339). When Plaintiff saw Dr. Schmerler in January 2012, he reported doing better but still having about 15 headaches per month lasting from 45 minutes to 3 hours at a time. (Tr. 341- 345).

In April 2012, he was still experiencing headaches and Dr. Schmerler opined that they interfered with his ability to stand and walk. (Tr. 351). Plaintiff testified at the hearing that he suffers approximately 14 to 15 headaches a month lasting from 1 to 3 hours at a time and that he either called off work or had to leave early due to headaches at least 10 times a month. (Tr. 101-102, 116). As detailed above, Dr. Breiter also found that Plaintiff's severe headaches would interfere with Plaintiff's ability to maintain attention and concentration.

As noted by Plaintiff, the vocational expert testified that if the same hypothetical individual had absences, was late to work or needed to leave work early more than one day each month, then he or she would not be able to maintain employment. (Tr. 122-123). As correctly noted by Plaintiff, in order for a VE's testimony to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. *See Ealy v. Comm'r of Social Security*, 594 F.3d 504, 516 (6th Cir.2010).

For these reasons, the undersigned findings that this matter should be remanded for further fact-finding in order to properly determine Plaintiff's functional limitations and ability to sustain work activity due to his severe headaches.

### C. Plaintiff's request for remand under Sentence Six

Plaintiff also seeks a remand under Sentence Six of 42 U.S.C. § 405(g) for administrative consideration of new and material evidence received subsequent to the ALJ's hearing but prior to the Appeals Council's decision. The evidence includes: (1) treatment notes from Dr. Saoudian; (2) a treatment note from Dr. Schmerler from August 2013; and (3) a physical therapist evaluation from June 2013. (Doc. 12 at 20-21). Plaintiff focuses on three treatment notes from Dr. Saoudian dating from before April 2013—one from July 2012, one from August 2012, and one from October 2012. (Tr. 545-68; Pl. Br. at 20-21). Notably, these visits took place before Plaintiff's hearing in June 2013. (Tr. 94-128).

Ordinarily, this Court's review is limited to evidence that was before the Commissioner during administrative proceedings. However, an exception exists in the Act for evidence that is new and material, so long as the Plaintiff demonstrates good

10

cause for not submitting the evidence in the prior proceeding. *See Cline v. Com'r of Soc. Sec.,*96 F.3d 146, 148 (6th Cir.1996). Plaintiff contends that in this case, these records constitute new and material evidence for which remand under sentence six of 42 U.S.C. § 405(g) is appropriate.

"The district court can ... remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding."*Cline v. Comm'r of Soc. Sec.,*96 F.3d 146, 148. Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster v. Halter,* 279 F.3d 348, 357. Evidence is considered "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.*(citations and internal quotation marks omitted). To show "good cause" the moving party must present a valid justification for the failure to have acquired and presented the evidence in the prior administrative proceeding. *Id. See also Oliver v. Sec'y of H.H.S.,*804 F.2d 964, 966 (6th Cir.1986);*Willis v. Sec. of H.H.S.,*727 F.2d 551, 554 (6th Cir.1984).

Upon review of the evidence, the undersigned finds that the records are not "material," because none of the evidence submitted by Plaintiff would have affected the ALJ's decision.[2] As noted by the Commissioner, the proposed treatment notes are largely cumulative of other evidence in the record showing that Plaintiff had pain in his back, knees, and ankles, which the ALJ considered in his decision (See Tr. 84 (discussing joint pain, back pain, and ankle pain), 85 (discussing back pain), 86

---

[2] Arguably, this evidence is also not "new" as it was available prior to the administrative hearing.

11

(discussing joint pain, left knee pain, ankle pain, and back pain), 87 (discussing back pain and lower extremity pain)). It is therefore not material.

In any event, the Sixth Circuit has held that when an ALJ commits an error that results in a sentence four remand, the ALJ can consider additional evidence, even though the plaintiff has not otherwise met the requirements for a sentence six remand. *Faucher v. Sec. of Health and Human Servs.*, 17 F.3d 171, 175 (6th Cir.1994). Accordingly, because remand is warranted to cure the errors as outlined above, the ALJ should also be instructed to consider the additional evidence on remand.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Id.* at 176.

For the reasons explained herein, **IT IS ORDERED THAT**: the decision of the Commissioner to deny Plaintiff SSI benefits is **REVERSED** and this matter is

**REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

<u>s/Stephanie K. Bowman</u>  
Stephanie K. Bowman  
United States Magistrate Judge